UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSE VAZQUEZ,
   Plaintiff,

vs.                                       No. 15-2048

COUNTY OF KANKAKEE, et al.,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for merit review of the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff says his constitutional rights were violated at the Jerome Combs Detention Center by Defendants Kankakee County, Sheriff Timothy Bukowski, Corrections Chief Chad Kolitwenzew, Justin Lesage and five Jane or John Doe Defendants. The Plaintiff says the Jerome Combs Detention Center has a policy which bans residents from receiving any books, calendars or newspapers through the mail. Plaintiff says the policy violates his First and Fourteenth Amendment rights.

A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with legitimate penological objectives of the correctional system." *Pell v Procunier*, 417 U.S. 817, 822 (1974). "Prisoners have a First Amendment protected right to receive information through the mail, including publications. Prison regulations that restrict a prisoner's First Amendment rights are permissible if they are reasonably related to legitimate

1

penological interests, such as security." *Erler v Dominguez*, 2010 WL 670235 at 11 (N.D. Ind. Feb. 18, 2010) *citing Jackson v Frank*, 509 F.3d 389, 391 (7th Cir. 2007). "Giving the Plaintiff the benefit of the inferences to which he is entitled at this stage of the litigation, the Court finds that the complaint states a plausible claim for relief regarding the policy and the alleged violation of his First Amendment rights to receive materials." *Erler,* 2010 WL 670235 at 11.

The Plaintiff has adequately stated his First Amendment claim against Defendants Bukowski and Kolitwenzew in their individual capacities and the County of Kankakee in it's official capacity. However, the Plaintiff has not clearly stated a claim against Defendants Justin Lesage or the Jane and John Doe Defendants. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.") Therefore, the court will dismiss these Defendants.

The Plaintiff also states the policy violates his Fourteenth Amendment rights because there is no opportunity to appeal a decision to confiscate an item received in the mail. However, the Plaintiff alleges in his complaint that the jail does have a grievance procedure and he filed grievances concerning the policy, the denial of a book and the inability to order a magazine. Therefore, he has not articulated a Fourteenth Amendment claim.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants Kankakee County, Sheriff Bukowski and Corrections Chief Kolitwenzew violated his First Amendment rights based on a policy banning the receipt of all books, calendars and magazines. Any additional

claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be

to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service

through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to dismiss Defendants Lesage and the John and Jane Doe Defendants for failure to state a claim upon which relief can be granted.**

12) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

Entered this 28th day of April, 2015.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE